UNITED STATES of America, Plaintiff–Appellee,

v.

Omar PAZ–ZAMUDIO, Defendant–Appellant.

No. 00–1525.

United States Court of Appeals, Sixth Circuit.

Jan. 31, 2001.

Before BOGGS and MOORE, Circuit Judges; BELL, District Judge.*

Omar Paz–Zamudio, proceeding pro se, appeals a district court judgment denying his petition for a writ of error coram nobis filed pursuant to 28 U.S.C. § 1651. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1994, Paz–Zamudio pleaded guilty to conspiring to possess with the intent to distribute controlled substances, in violation of 21 U.S.C. § 846, and possessing with the intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1). The district court sentenced Paz–Zamudio to a total of 151 months of imprisonment. On appeal, Paz–Zamudio argued that: a) he was denied a speedy trial; b) he was improperly denied access to his presentence investigation report (PSI); c) the district court sentenced him based on erroneous guidelines calculations with respect to the amount of drugs attributable to Paz–Zamudio and as to Paz–Zamudio's role in the offense; d) the district court violated Fed.R.Crim.P. 11 because it did not ensure that Paz–Zamudio understood the nature and consequences of his plea; and e) counsel rendered ineffective assistance during the plea negotiations and at sentencing. A panel of this court concluded that Paz–Zamudio had waived his right to challenge the guidelines calculations and that his remaining arguments lacked merit. *See United States v. Valdez,* Nos. 95–1011/1113, 1996 WL 729135 (6th Cir. Dec.17, 1996). Thus, the court affirmed Paz–Zamudio's convictions and sentence on appeal.

Although the procedural history of this case is somewhat confusing, the record indicates that Paz–Zamudio filed a § 2255 motion to vacate his sentence, while Paz–Zamudio's direct appeal was still pending, and that the district court dismissed the motion without prejudice. Subsequently, Paz–Zamudio filed a motion construed as a second § 2255 motion, in which he argued that: a) the district court improperly applied the sentencing guidelines with respect to drug quantity and role in the offense; b) Paz–Zamudio did not receive his PSI; c) counsel rendered ineffective assistance; and d) the district court violated Fed. R. Crim P. 11. The district court concluded that Paz–Zamudio's grounds for relief had been rejected in his direct appeal, and it denied the § 2255 motion. A panel of this court affirmed the district court's judgment on appeal. *See Paz–Za-*

* The Honorable Robert Holmes Bell, United States District Judge for the Western District of Michigan, sitting by designation.

*mudio v. United States,* No. 96–2031, 1998 WL 773995 (6th Cir. Oct. 15, 1998). The record also indicates that while this appeal was still pending, Paz–Zamudio filed a third § 2255 motion, which the district court denied.

In his petition for a writ of error coram nobis, Paz–Zamudio raised the following grounds for relief: a) the district court improperly calculated his offense level with respect to the amount of drugs attributable to him and his role in the offense; b) he was improperly denied access to his PSI and the PSI contained inaccurate information; c) the sentencing court denied him the right of allocution; and d) counsel rendered ineffective assistance.

Upon review, the district court granted the government's motion to dismiss the petition because Paz–Zamudio raised arguments that had already been rejected on direct appeal and because the petition did not state any grounds for relief cognizable under § 1651. Paz–Zamudio has filed a timely appeal, essentially reasserting his grounds for relief.

 Upon review, we conclude that the district court properly denied Paz–Zamudio's petition for a writ of error coram nobis. *See Blanton v. United States,* 94 F.3d 227, 230 (6th Cir.1996). "The writ of error coram nobis is used to vacate a federal sentence or conviction when a § 2255 motion is unavailable—generally, when the petitioner has served his sentence completely and thus is no longer 'in custody' as required for § 2255 relief." *Id.* at 231. A petition for a writ of error coram nobis should not be granted unless the petitioner demonstrates an error of fact that was unknown at the time of trial, which creates such a fundamental injustice that it probably would have altered the outcome of the challenged proceeding if it had been known. *See id.*

 Paz–Zamudio's petition does not meet this standard. First, the record reflects that Paz–Zamudio was in custody when he filed his petition. Second, Paz–Zamudio has not alleged any error of fact which establishes a fundamental injustice. Rather, he merely reasserts grounds for relief that have previously been rejected. Further, Paz–Zamudio's petition reveals that he was aware of the facts underlying his arguments prior to sentencing, and therefore, the arguments do not provide a basis for coram nobis relief. *See id.* at 230–31. Finally, while it does not appear that Paz–Zamudio previously asserted his right of allocution ground for relief on direct appeal, he is not entitled to coram nobis relief with respect to this argument because a petition for a writ of error coram nobis must be based on matters not appearing in the initial record.

Accordingly, we affirm the district court's judgment. Rule 34(j)(2)(C), Rules of the Sixth Circuit.